Anne S. GEORGE, et al., Plaintiffs,

v.

BALTIMORE CITY PUBLIC
SCHOOLS, et al.,
Defendants.

Civ. A. No. Y–87–860.

United States District Court,
D. Maryland.

Sept. 21, 1987.

Milton L. Chappell, Silver Spring, Maryland, and Hugh L. Reilly, Kensington, for plaintiffs.

Benjamin L. Brown, City Sol., Ambrose T. Hartman, Deputy City Sol., John S. Wood, Chief City Sol., and Laurice D. Royal, Asst. City Sol., Baltimore, Md., for defendants Anne S. George, Jerome L. Ettlin, Gladys Folk, John George, Douglas S. Buchman, Carl Simmons, Jr., William Trautman, James K. Weston, David J. Zolin, Joanne R. Warres, Laurence L. Vickers, Michael J. Tabegna, Patrycia E. Pickett and Angelo J. Geppi.

Joel A. Smith, Lutherville, Md., for defendants Baltimore Teachers Union, AFT 340, AFL–CIO, Federation of Md. Teachers, and Irene B. Dandridge.

Michael Esher Yaggy, Baltimore, Md., and Michael S. Barranco, Baltimore, Md., for defendant Laventhol & Horwath; James S. Gkonos, Esq., Philadelphia, Pa., of counsel.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

This action results from the August 1986 labor agreement between the Mayor and City Council of Baltimore, the Board of School Commissioners, and the Baltimore Teachers Union which authorized the collection of a union representation fee from the salaries of public school employees. On April 9, 1987, seventeen public school teachers sued the parties to this labor agreement to halt the deduction of the representation fee from the wages of non-union teachers. In their complaint, they allege that the collection procedures employed violate their First and Fourteenth Amendment rights recently set forth by the U.S. Supreme Court in *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986). *See also Damiano v. Matish*, 644 F.Supp. 1058 (W.D.Mich.1986) (applying the *Hudson* requirements to a union's collection of representation fees from non-union employees within the represented bargaining unit).

Currently, two motions are before the Court. Plaintiffs have moved to certify a class pursuant to Fed.R.Civ.P. 23(b)(2) comprised of plaintiffs and "all nonmembers of the Baltimore Teachers Union [BTU], Maryland Federation of Teachers [MFT], [and the] American Federation of Teachers [AFT], employed by the Baltimore City Public Schools as teachers or other professionals who are not participating in arbitration with the BTU over the amount of its representation fee for the 1986–87 school year, and subsequent years." Defendants

have moved for the Court to receive into evidence certain admissions by plaintiffs which detail the relationships among plaintiffs, their counsel, and the National Right to Work Legal Defense Foundation. Such admissions form the backbone of defendants' argument against class certification.

### The Prerequisites to a Class Action

The Supreme Court has provided that a class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). Accordingly, the Court will follow the practice employed in previous class certification questions of scrutinizing the plaintiffs' motion for class certification to determine whether it fulfills the four prerequisites of Rule 23(a). *See Twyman v. Rockville Housing Authority*, 99 F.R.D. 314 (D.Md.1983); *Smith v. B & O Railroad Co.*, 473 F.Supp. 572 (D.Md.1979).

■ Plaintiffs' proposed class exceeds one thousand members, which clearly makes joinder of all members impracticable. *See Twyman*, 99 F.R.D. at 320 ("many courts have found that approximately 150 members satisfies the numerosity requirement"). Accordingly, plaintiffs

fulfill the "numerosity" requirement of Rule 23(a)(1).

■ Plaintiffs also satisfy the "commonality" requirement of Rule 23(a)(2). They demonstrate that each member of the proposed class is a nonunion employee, that each member has had a representation fee deducted from his wage pursuant to the August 1986 labor agreement between the City and the union, and that this deduction allegedly constitutes an invasion of each member's First and Fourteenth Amendment rights. The proposed class shares several common issues of law and fact.

While the "numerosity" and "commonality" requirements of Rule 23(a) concentrate on the nature of the class, the last two prerequisites, "typicality" and "adequate representation," focus on the quality of the class representative. *See* Newberg on Class Actions § 3.13 (1985). Defendants argue that plaintiffs are unable to fulfill either requirement because they are represented by staff counsel from the National Right to Work Legal Defense Foundation, Inc. (Foundation). Defendants suggest several conflicts of interest between plaintiffs and other members of the proposed class, namely that the Foundation is paying plaintiffs' legal costs, that plaintiffs have signed a "Retainer Authorization" in which they have agreed not to waive any legitimate attorneys' fee claim as part of settlement, and that plaintiffs have signed a "Disclosure Agreement" in which they have agreed not to accept a settlement which forbids the Foundation from disclosing the case history and settlement terms.[1] Accordingly, defendants argue that, in reality, the Foundation controls this litigation to the detriment of the proposed class.

■ This claim by defendants is best addressed by breaking it down into smaller issues. First, defendants argue that plain-

---

**1.** Defendants have moved that the Court receive into evidence specific admissions by plaintiffs regarding their relationships with their counsel and the Foundation. Union Defendants' Motion to Receive Certain Admissions into Evidence at 1. While alleging that defendants violated local discovery rules and that such information is irrelevant to both the merits of the case and the opposition to class certification, plaintiffs have

withdrawn their objection to the use of their admissions specifically for the purpose of the class certification motion. Letter from Plaintiffs' Counsel (July 15, 1987). This resolves the dispute since the Court is only considering the class certification motion at this time. The parties will have an opportunity to debate the admissibility of this evidence if this case goes to trial.

tiffs' claims are not typical of the claims of the proposed class as required by Rule 23(a)(3) because the Foundation is financing plaintiffs' legal expenses and has asked plaintiffs to sign the "Retainer Authorization" and the "Disclosure Agreement." However, the Foundation is a "bona fide, independent legal aid organization," *Int'l Union, UAW v. Nat'l Right to Work Legal Defense and Education Foundation,* 781 F.2d 928, 932–34 (D.C.Cir.1986), which has successfully sponsored class action litigation before the Supreme Court. *See Ellis v. Brotherhood of Railway Clerks,* 466 U.S. 435, 104 S.Ct. 1883, 80 L.Ed.2d 428 (1984); *Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977). *See also* Plaintiffs' Reply Brief to Union Defendants' Opposition to Class Certification at 3 n. 6. Thus, the Foundation's representation of plaintiffs in this litigation does not render plaintiffs' claims atypical of those of the proposed class.

The "typicality" requirement of Rule 23(a)(3) "emphasizes that the representatives ought to be squarely aligned in interests with the represented group." *Newberg on Class Actions* § 3.13. Like the rest of the proposed class, plaintiffs are not members of a union, have had the union representation fee deducted from their salary, and thereby allege violations of their First and Fourteenth Amendment rights. Accordingly, plaintiffs satisfy Rule 23(a)(3).

■ The defendants also argue that plaintiffs fail to satisfy the "adequate representation" requirement of Rule 23(a)(4) because the Foundation is paying for plaintiffs' legal costs and thereby exerting too much control over the claims of both plaintiffs and the proposed class. The Court, as noted above, rejects defendants' argument that outside funding of litigation by a legitimate legal aid organization causes plaintiffs to raise different claims than the proposed class or to have conflicting interests as its representative.

Defendants also cite the Foundation's "Retainer Authorization" and "Disclosure Agreement" to demonstrate how this organization controls plaintiffs' case. Neither

writing gives the Foundation or its attorney unfettered control over plaintiffs' litigation. The "Retainer Authorization" insures that plaintiffs do not waive an attorney's fees claim in settlement. This provides the Foundation with an opportunity to regain the money it has given out for use with future causes. The "Disclosure Agreement" insures that plaintiff will not forfeit in settlement the right to disclose the case history and settlement terms. This enables the Foundation to publicize its recent legal aid advances. Neither document allows the Foundation to control plaintiffs' case.

Rule 23(a)(4) is designed to fulfill the due process requirements of the members of the class because a final judgment in a class action is binding on all members of the class. *Newberg on Class Actions* § 3.21. Accordingly, the two factors in the Rule 23(a)(4) analysis are the absence of intraparty conflicts and the assurance of vigorous prosecution by competent counsel. *Id.* § 3.22. As noted in the above analysis, the Court does not detect any conflicts of interest between the proposed class and the named representatives. Moreover, plaintiffs and the proposed class are represented by able counsel. Accordingly, plaintiffs satisfy the requirements of Rule 23(a)(4).

■ Defendants provide two final arguments against certification of plaintiffs' class. First, defendants argue that plaintiffs' class should not include those nonunion employees who have not objected to the representation fees. Defendants base their contention on the Supreme Court's holding in *Brotherhood of Railway Clerks v. Allen,* 373 U.S. 113, 119, 83 S.Ct. 1158, 1162, 10 L.Ed.2d 235 (1963), that a union which receives representation fees from employees should not be subject to sanctions in favor of an employee who does not protest the union's use of his money. However, unlike *Allen,* which addressed substantive safeguards for nonunion employees, this case focuses on procedural rights of nonunion employees as delineated in *Hudson.* Applying *Hudson,* a district court recently held: "It is clear that the constitutional mandates of *Hudson* apply

to all non-union employees ... and that any violation of these constitutional requirements by the [defendants] affect all non-members, not just the named plaintiffs." *Damiano*, 644 F.Supp. at 1060. Therefore, the proposed class as defined properly includes those nonunion employees who have not objected to the representation fee.

 Defendants also oppose plaintiffs' inclusion of all future nonunion employees in the proposed class. However, district courts routinely certify classes that include future employees of a union's bargaining unit in suits for declaratory and injunctive relief such as this one. *See Abron v. Black & Decker Mfg. Co.*, 439 F.Supp. 1095, 1098 (D.Md.1977); *Wilmington Firefighters v. City of Wilmington*, 109 F.R.D. 89, 92 (D.Del.1985) ("[T]hese future members [of the class] are properly included within the class definition in order to insure that any injunctive relief won by the named plaintiffs runs in their favor."). Accordingly, plaintiffs may include any subsequent nonunion employees in their class definition.

### Assignment of a Rule 23(b) Class Category

 Having determined that plaintiffs satisfy the four prerequisites of Rule 23(a) for a class action, the Court must next determine whether plaintiffs' class action fits squarely within one of the three class categories of Rule 23(b). Plaintiffs propose that this class action satisfies Rule 23(b)(2) under which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." This class category is appropriate since plaintiffs seek to enforce their *Hudson* rights against the defendants and pray for injunctive and declaratory relief. *Damiano*, 644 F.Supp. at 1060.

One particular concern might be that plaintiffs also seek compensatory damages for the representation fees illegally deducted from their salary as well as attorney's fees. However, the Advisory Committee's Supplementary Note to Rule 23(b)(2) only provides: "The subdivision does not extend to cases in which the appropriate final relief relates *exclusively or predominantly* to money damages." (emphasis added). In this case, the monetary damages requested are ancillary to the injunctive and declaratory relief which is the primary goal of this litigation; thus, the Court concludes that this litigation may proceed as a Rule 23(b)(2) class action. *See Robinson v. Lorillard Corp.*, 444 F.2d 791, 801–02 (4th Cir.1971), *cert. dismissed*, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1972); *Twyman*, 99 F.R.D. at 324; *Smith*, 473 F.Supp. at 582.

### Conclusion

Having determined that plaintiffs fulfill the requirements of Rules 23(a)(1)–(4) and 23(b)(2), the Court certifies for litigation the class defined as plaintiffs and all non-members of the the Baltimore Teachers Union [BTU], Maryland Federation of Teachers, and American Federation of Teachers employed by the Baltimore City Public Schools as teachers or other professionals who are not participating in arbitration with the BTU over the amount of its representation fee for the 1986–87 school year, and subsequent years.