**Mary A. HOHE, et al., Plaintiffs,**

v.

**Robert P. CASEY, Governor, et al., Defendants.**

**Civ. A. No. 88–1348.**

United States District Court, M.D. Pennsylvania.

Jan. 19, 1989.

Milton L. Chappell, Raymond J. LaJeunesse, Jr., Glenn M. Taubman, National Right to Work Legal Defense Foundation, Inc., Springfield, Va., and Thomas A. Beckley, John G. Milakovic, Charles O. Beckley, II, Beckley & Madden, Harrisburg, Pa., for plaintiffs.

Thomas York, and Joseph S. Sabadish, Deputy Attys. Gen., Harrisburg, Pa., for Casey; Zazyczny, Greene & Commonwealth of Pa.

Elaine Williams, Kirschner, Walters & Willig, Philadelphia, Pa., and John J. Sullivan, Richard Kirschner, Larry P. Weinberg, Kirschner, Weinberg & Dempsey,

Washington, D.C., for Council 13, American Federation of State, County & Municipal Employees.

### MEMORANDUM

CALDWELL, District Judge.

Before the court is the plaintiffs' motion for class certification pursuant to Fed.R. Civ.P. 23. They assert that certification is proper under subdivisions (a), (b)(1)(A) and (b)(2). The Commonwealth defendants concur in the motion, while Council 13 opposes it.

In order for this action to proceed as a class action, initially the plaintiffs must establish that the proposed class satisfies the numerosity, commonality, typicality and adequacy of representation requirements of Rule 23(a). First, the class must be so numerous that joinder of all persons comprising it would be impracticable. Fed. R.Civ.P. 23(a)(1). Here it is asserted, and the defendants do not deny, that there are approximately 18,000 nonunion Commonwealth employees subject to the defendants' fair share fee arrangement. Joinder of all obviously is impracticable.

Next the plaintiffs must show the existence of a question of law or fact that is common to the class. Fed.R.Civ.P. 23(a)(2). They have done so. Each member of the proposed class is a nonunion employee whose wages are subject to a deduction for a fair share fee pursuant to a collective bargaining agreement between the Commonwealth and Council 13, as authorized by Pennsylvania's Act 84 of 1988. That deduction allegedly constitutes an invasion of each class member's first and fourteenth amendment rights as interpreted in *Chicago Teachers Union v. Hudson*, 475 U.S. 292, 106 S.Ct. 1066, 89 L.Ed.2d 232 (1986).

In addition to a common question of law or fact, the plaintiffs must prove that their claims are typical of those of the class. Fed.R.Civ.P. 23(a)(3). Since all nonunion Commonwealth employees must be afforded the protections outlined in *Hudson*, regardless of whether they have objected to the fee deductions, the claims of the named parties typify the claims of the class.

The final requirement of Rule 23(a) is that the representative parties must fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a)(4). Adequate representation depends upon two factors: (1) the plaintiffs' attorneys must be qualified, experienced and generally able to conduct the litigation; and (2) the named plaintiffs must not have interests antagonistic to those of the class. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3d Cir.1975). Here, the defendants have not questioned the plaintiffs' attorneys' abilities and we find no antagonistic conflict of interest between the plaintiffs and the absent class members. The union's claim that the plaintiffs' interests parallel those of only about 500 nonunion employees who have challenged the *amount* of the fee is without merit. All 18,000 employees, regardless of whether they have asserted a substantive claim via the arbitration procedures established by the collective bargaining agreement, may challenge the constitutionality of Act 84 and the procedures implemented pursuant thereto. That some class members may not at this time object to the specific amount of money withheld from their paychecks does not make their position antagonistic to that of the named plaintiffs.

Having satisfied the requirements of Rule 23(a), the plaintiffs must meet one of the three criteria of Rule 23(b). In this case they maintain that certification lies under 23(b)(1)(A) and (b)(2), which provide as follows:

An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. . . .

In this case, both requirements are fulfilled. If this action were not certified as a class action, other nonunion employees could institute similar suits, thus creating the risk that the Commonwealth and Council 13 would be held to incompatible standards of conduct. Furthermore, under *Hudson* the equitable relief the plaintiffs seek is applicable to all Commonwealth employees who are represented by but not members of Council 13.

■ Council 13 argues that even though the Rule 23 criteria are met, the court should not certify a class because class certification is not necessary, and therefore is inappropriate, in an action to declare unconstitutional and enjoin the enforcement of a law, regulation or policy. From the cases cited by the union, it is unclear whether such a rule exists in the Third Circuit. *See e.g. Carter v. Butz,* 479 F.2d 1084 (3d Cir.1973), *cert. denied,* 414 U.S. 1094, 94 S.Ct. 727, 38 L.Ed.2d 552 (1973) (denial of class certification because precedential value of court's decision would render a judgment in favor of the class unnecessary *and* because of disparate factual circumstances of class members was not an abuse of discretion); *Simpson v. Heckler,* 630 F.Supp. 736 (E.D.Pa.1986) (class certification denied because any injunctive and declaratory relief awarded would have the effect of a class action *and* because all prerequisites of Rule 23(a) were not met). Several district courts in this circuit have refused to impose a need requirement. *See e.g., Gatter v. Cleland,* 87 F.R.D. 66 (E.D. Pa.1980); *Gramby v. Westinghouse Electric Corp.,* 84 F.R.D. 655 (E.D.Pa.1979);

*Hummel v. Brennan,* 83 F.R.D. 141 (E.D. Pa.1979).

In this case, where in addition to equitable relief, retroactive monetary relief is at issue, we will not decline certification. Although a court order invalidating the current fair share fee program would effectively grant prospective relief to all nonunion Commonwealth employees, absent class certification, the court could not grant to unnamed class members the reimbursement of monies already withheld from them. *Hummel,* 83 F.R.D. at 144. The court's determination of the reimbursement issue as to the party plaintiffs does have a collateral estoppel effect as to the other nonunion employees. However, it would compel them to initiate costly individual lawsuits for relatively small sums of money. *Id.*[1]

The plaintiffs' counsel have advised the court that if the class is not certified, they will file a motion to intervene on behalf of 862 nonunion employees who have retained them. Were we to deny certification, such action would be required in order to toll the statute of limitations with respect to those nonmembers' claims. When class certification is denied, the limitations period begins running again and prospective class members must intervene or file individual actions to preserve their claims. We see no need in this case to force unnamed class members to pursue such a course of action.

Accordingly, since the requirements of Fed.R.Civ.P. 23 are satisfied, this action should be maintained by the plaintiffs as a class action under Fed.R.Civ.P. 23(b)(1)(A) and 23(b)(2). The class will consist of persons who have been employees of the Commonwealth of Pennsylvania since August 16, 1988, who have been represented by Council 13 for collective bargaining purposes, but who are not members of Council 13. An appropriate order will issue.

---

**1.** We are aware of Council 13's assertion in a footnote in its brief that if we were to conclude "that all or part of the fair share fees already collected should be returned because Act 84 fails to satisfy *Hudson,* and if this ruling is upheld on appeal, Council 13 will refund such fees as would be appropriate to all similarly situated non-member employees covered by the collective bargaining agreement." However, we prefer not to rely on that promise which is less than unequivocal. Rather than be faced with interpreting that footnote at a later date, it seems advisable to safeguard the interests of the entire class by insuring now that any order runs to the class as a whole.

**72**

## ORDER

AND NOW, this 19th day of January, 1989, upon consideration of the plaintiffs' motion for class action determination, it is ordered that this action shall be maintained as a class action under Fed.R.Civ.P. 23(b)(1)(A) and 23(b)(2) by the plaintiffs on behalf of a class comprised of the plaintiffs and all other individuals employed since August 16, 1988, by the Commonwealth of Pennsylvania, or its departments, boards, commissions, agencies, authorities, systems and other instrumentalities, who are represented exclusively for purposes of collective bargaining by Council 13 of the American Federation of State, County and Municipal Employees, and who are not members of said labor organization.